**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| MONICA RICHARDS, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY & COMPANY and LILLY USA, LLC <br><br> Defendants. | Civil Action No. 1:23-cv-242 <br><br> **JURY DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

I. **INTRODUCTION**

1. This is a collective action brought by Monica Richards on behalf of herself and all other similarly situated employees who have worked for Eli Lilly & Company and Lilly USA, LLC (hereinafter collectively "Eli Lilly" or "Defendants"). Plaintiff alleges that Eli Lilly has violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff also brings an individual claim under the Massachusetts Anti-Discrimination Law, G.L. c. 151B § 4(1B). As described further below, Eli Lilly has discriminated, and continues to discriminate, against its older workers by systematically denying them promotions and giving those promotions to younger employees. Since at least 2017, Eli Lilly has been engaged in an effort to correct what it perceives as a skew toward older employees in its national workforce. As a part of that effort, Eli Lilly has attempted to retain its Millennial workers by promoting them over older workers, who are equally or better qualified for the positions. Eli Lilly's older workers, including

1

Plaintiff, have thus routinely been denied promotions on the basis of their age. Such discriminatory personnel practices constitute unlawful discrimination under the ADEA and the Massachusetts Anti-Discrimination Law.

2. Plaintiff brings these claims on behalf of herself and similarly situated Eli Lilly employees across the country who may choose to opt in to this action pursuant to 29 U.S.C. §§ 216(b), 626(b).

## II. PARTIES

3. Plaintiff Monica Richards is fifty-three (53) years old and resides in Massapequa Park, New York. Plaintiff has worked for Eli Lilly since August 1, 2016. During the relevant period, Plaintiff worked in Massachusetts.

4. Defendant Eli Lilly & Company is an Indiana corporation headquartered in Indianapolis, Indiana. Eli Lilly & Company specializes in the discovery, development, manufacturing, marketing, and sales of pharmaceutical products.

5. Defendant Lilly USA, LLC, is an Indiana limited liability company headquartered in Indianapolis, Indiana. Lilly USA, LLC specializes in the discovery, development, manufacturing, marketing, and sales of pharmaceutical products.

6. Upon information and belief, Defendants are the same business, operating out of the same principal place of business. Defendants' operations are interrelated, share common management, and as Eli Lilly & Company owns Lilly USA, LLC, they share common ownership and centralized control of labor relations. Defendants both exercised full control over the terms and conditions of Plaintiff's employment and are both Plaintiff's employers for the purposes of the ADEA and Massachusetts Anti-Discrimination Law.

**III.     JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff has brought a claim pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

8. The District of Southern Indiana is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) because Eli Lilly is headquartered in Indianapolis, Indiana.

**IV.     STATEMENT OF FACTS**

9. Eli Lilly is a pharmaceutical company that employs thousands of people across the United States.

10. Since at least 2017, Eli Lilly has been engaged in a companywide effort to shift its personnel focus to Millennials at the detriment of older employees, openly espousing an aggressive strategy of hiring and retaining Millennial employees. As a part of its effort to retain Millennial workers, Eli Lilly has created resource groups for younger employees who it calls "Early Career Professionals" and has systematically favored younger employees by giving them promotions to the exclusion of older employees who are equally or better qualified.

11. Eli Lilly's discriminatory preferences for younger, Millennial employees has been well documented. On September 26, 2022, the Equal Employment Opportunity Commission ("EEOC") filed suit against Eli Lilly, alleging that it systematically failed to hire older employees for pharmaceutical sales representatives based on their age. See <u>EEOC v. Lilly USA, LLC</u>, Civ. Act. No. 1:22-cv-01882-TWP-MKK (S.D. Ind.).

12. As the EEOC alleged in its complaint against Eli Lilly, Senior Vice President for Human Resources and Diversity, Steve Fry, announced Eli Lilly's intent to correct the perceived

problem that Eli Lilly's workforce on a national level was skewed toward the older generations during a 2017 Leadership Town Hall. Fry recognized that Eli Lilly had 20% less Millennials than the American workforce, and he suggested that the lack of Millennials was a problem and that "[Lilly has] got to make sure that we have a workforce that is distributed . . . by generation." Fry also announced that the company would have a goal of 40% Early Career hiring. The EEOC alleged further that following this Leadership Town Hall, Eli Lilly managers nationwide changed hiring practices and preferences to hire younger candidates for sales representative positions. All Eli Lilly employees were present at this Leadership Town Hall.

13. The EEOC's suit against Eli Lilly followed on the heels of another class and collective action filed against Eli Lilly alleging that it engaged in systematic age discrimination with respect to its hiring practices, Grimes et al. v. Eli Lilly and Company, et al., Civ Act. No. 1:21-cv-2367 (S.D. Ind.). On August 29, 2022, the court in Grimes denied Eli Lilly's motion to dismiss, and the case remains pending. See Grimes, Dkt. 55 (S.D. Ind. Aug. 29, 2022).

14. Eli Lilly's companywide age bias has extended beyond the discriminatory hiring practices detailed in the EEOC and Grimes lawsuits. Eli Lilly has also systematically favored younger employees for promotions over well-qualified older employees.

15. Following the 2017 Leadership Town Hall, Eli Lilly also created a group called Early Career Professionals to support the needs of its younger employees. No such groups were created to support older employees.

16. Plaintiff Monica Richards has fallen victim to Eli Lilly's companywide age bias. Plaintiff has worked for Eli Lilly since approximately August 1, 2016, and currently holds the position of Executive Sales Representative.

17. Beginning in approximately March 2018, Plaintiff was on a sales team called the Boston Primary Care District. This team is a part of Eli Lilly's Diabetes Business Unit, which is made up of 93 teams across the country.

18. In approximately November 2021, the manager of Plaintiff's Boston Primary Care District team, who held the position of District Sales Manager, unexpectedly took medical leave. Eli Lilly asked Plaintiff to serve as her team's "point person" to lead the team while the District Sales Manager was on leave.

19. In approximately March 2022, it became clear that the District Sales Manager's medical leave would become protracted, and Eli Lilly formally appointed Plaintiff to serve as the District Sales Manager on an interim basis.

20. Plaintiff served as the Interim District Sales Manager from approximately March 2022 through August 2022.

21. Plaintiff's performance serving as "point person" and then Interim District Sales Manager was excellent. Under her leadership, the Boston Primary Care District outperformed all other 92 teams that made up Eli Lilly's Diabetes Business Unit.

22. Near the end of Plaintiff's time as Interim District Sales Manager, the previous District Sales Manager passed away. Plaintiff interviewed to be the permanent District Sales Manager for her team. Even though she had successfully led her team for ten (10) months and maintained its position as the highest performing team out of 93 teams across the country, Eli Lilly gave the position to a less-qualified employee who was 27 years old with less than two-and-a-half years' worth of sales experience. Eli Lilly informed Plaintiff that she did not get the District Sales Manager position on August 19, 2022.

23. During her time at Eli Lilly, Plaintiff has observed numerous other older employees be passed over for promotion in favor of less-qualified younger employees. Additionally, Plaintiff has observed Eli Lilly's push to increase its focus on Millennial employees, both in terms of hiring and in terms of promotion.

## V.     **COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings this case as a collective action under the ADEA on behalf of Eli Lilly employees over the age of forty (40) who have worked anywhere in the country, and who have been denied a promotion within the relevant period, who may opt in to this action.

25. These employees who may opt in to this collective action are similarly situated to the named Plaintiff. They have all worked for Eli Lilly under substantially similar conditions and have all been subjected to Eli Lilly's policy and practice of disproportionately promoting younger employees while denying promotions to qualified older employees.

## VI.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26. Plaintiff filed a timely class charge of discrimination before the Massachusetts Commission Against Discrimination, which was cross-filed with the EEOC, prior to initiating this lawsuit. 60 days have passed since the charge was filed.

## **COUNT I**

(Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*)
(On Behalf of Plaintiff and Class)

27. Plaintiff re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

28. Eli Lilly's conduct in systematically denying promotions to qualified employees who are older than forty (40), including Plaintiff, while disproportionately promoting younger

employees, constitutes age discrimination in violation of the ADEA. Eli Lilly's violation of the ADEA has been knowing and willful. As a direct and proximate cause of Eli Lilly's discrimination, Plaintiff and similarly situated employees have suffered damages.

29.  This claim is brought on behalf of a class of Eli Lilly employees across the country who may choose to opt in to this case, pursuant to 29 U.S.C. §§ 216(b), 626(b).

## COUNT II

(Massachusetts Anti-Discrimination Law, G.L. c. 151B § 4(1B))
(On Behalf of Plaintiff)

30.  Plaintiff re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

31.  Eli Lilly's conduct in systematically denying promotion to qualified employees who are older than forty (40), including Plaintiff, while disproportionately promoting younger employees, constitutes age discrimination in violation of the Massachusetts Anti-Discrimination Law. Eli Lilly's violation of Massachusetts law has been knowing and willful. As a direct and proximate cause of Eli Lilly's discrimination, Plaintiff has suffered damages.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Grant permission for Plaintiff to notify other Eli Lilly employees of their right to opt-in to this action under the ADEA, pursuant to 29 U.S.C. §§ 216(b), 626(b);

2. Find and declare that Eli Lilly violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Massachusetts Anti-Discrimination Law, G.L. c. 151B § 4(1B);

3. Award compensatory, including back pay and front pay, in an amount according to proof, as well as punitive damages;

4. Order Eli Lilly to instate Plaintiff and other Eli Lilly employees to the positions to which they were unlawfully denied;

5 Award all costs and attorney's fees incurred prosecuting this claim;

6. Award liquidated damages and all appropriate statutory and regulatory damages;

7. Award interest;

8. Issue injunctive relief in the form of an order directing Eli Lilly to comply with the ADEA and Massachusetts law;

9. Any other relief to which Plaintiff and class members may be entitled.

Respectfully Submitted,

MONICA RICHARDS, on behalf of herself and all others similarly situated,

By their attorneys,

/s/ Jeffrey A. Macey_____
Jeffrey A. Macey
MACEY SWANSON LLP
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204
(317) 637-2345
jmacey@MaceyLaw.com

Harold L. Lichten
(*pro hac vice* forthcoming)
Thomas Fowler
(*pro hac vice* forthcoming)
Matthew Patton
(*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: hlichten@llrlaw.com, tfowler@llrlaw.com, mpatton@llrlaw.com

Dated: February 7, 2023