UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA RICHARDS, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY & COMPANY and LILLY USA, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:23-cv-00242-TWP-MKK |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Eli Lilly and Company and Lilly USA, LLC (collectively, "Defendants") submit this notice of supplemental authority in connection with Plaintiff Monica Richards's motion for conditional certification, which is fully briefed and pending before the Court. ECF No. 41; *see Carroll v. BMW of N. Am., LLC*, 553 F. Supp. 3d 588, 605 (S.D. Ind. 2021) ("[A] party is permitted to direct the Court to potentially helpful authority that arose after the close of briefing.")

On February 21, 2024, Magistrate Judge Sherry R. Fallon of the District of Delaware issued a report and recommendation denying a motion for conditional certification of a collective action pursuant to the Age Discrimination in Employment Act (ADEA) in *Wilhoit et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 22-1634-GBW-SRF (D. Del). *See* Ex. A. Plaintiffs in *Wilhoit* asked the court to conditionally certify a collective consisting of:

> (1) all individuals that were employed or sought to be employed by AstraZenenca in its salesforce anytime between December 1, 2020 through the resolution of this action; and (2) who suffered adverse employment action – to include termination, were laid off, or applied for an open position and were rejected – while age 40 or older during the above stated period.

*Id.* at 21. Plaintiffs' ADEA claims arose out of "Defendant's termination of numerous employees who objected to receiving a COVID-19 vaccine on religious grounds." *Id.* at 2. Plaintiffs alleged that "Defendant used the COVID-19 pandemic as an opportunity to cull its workforce of older employees by imposing a vaccine mandate it new would disproportionately impact older, religious employees." *Id.* at 2–3.

The court held that Plaintiffs had not "met their burden to make a modest showing that the members of the proposed collective are similarly situated." *Id.* at 20. Notwithstanding Plaintiffs' claim that "Defendant instituted and actively pursued a corporate-wide policy to lower the average age of its workforce based on [] statements made . . . during corporate presentations in 2021," the court held the proposed collective was disparate and heterogenous: It included former employees terminated for different reasons; by different managers; in different departments; and in different locations. *Id.* at 21–22. Given the breadth of the proposed collective, the court explained, Plaintiffs had a "heavier-than-usual burden" to show that "Defendants' discriminatory policies infected all its termination and hiring decisions," and they could not meet that burden. *Id.* The cited corporate presentations "were not temporally proximate to the relevant termination decisions," even though the challenged employment actions occurred less than one year after the presentation, and the link to subsequent terminations was "mere speculation." *Id*. at 20–21. Plaintiffs thus were incapable of satisfying the "similarly situated" requirement. *Id.* at 22.

Defendants respectfully request that the Court consider the attached report and recommendation in resolving Plaintiff's motion for conditional certification.

Dated: February 27, 2024

                                                           Respectfully submitted,

                                                           ELI LILLY AND COMPANY and LILLY USA, LLC

                                                           By: /s/ *Joseph J. Torres*
                                                                 One of Their Attorneys

Joseph J. Torres
Katherine M. Funderburg
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
jtorres@jenner.com
kfunderburg@jenner.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2024, he caused a copy of the foregoing to be served via electronic mail on the following:

        Harold L. Lichten
        Thomas Fowler
        Matthew Patton
        Lichten & Liss-Riordan, P.C.
        729 Boylston St., Suite 2000
        Boston, MA 02116
        (617) 994-5800
        hlichten@llrlaw.com
        tfowler@llrlaw.com
        mpatton@llrlaw.com

        Jeffrey A. Macey
        Macey Swanson LLP
        429 N. Pennsylvania St., Suite 204
        Indianapolis, IN 46204
        (317) 637-2345
        jmacey@maceylaw.com

                /s/ *Joseph J. Torres*
                      Joseph J. Torres