UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA RICHARDS, individually and on behalf of all other similarly situated individuals, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) ) |
| ELI LILLY & COMPANY and LILLY USA, LLC, | ) ) ) ) |
| Defendant(s). | ) |

Cause No. 1:23-cv-00242-TWP-MKK

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Monica Richards ("Plaintiff") submits this response to Defendant Eli Lilly and Lilly USA's Notice of Supplemental Authority, *see* ECF No. 79. The so-called "authority" Defendants point to—*Wilhoit et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 22-1634-GBW-SRF (D. Del), a report and recommendation issued by a Magistrate Judge—is not citable "authority," is easily distinguished on its facts, and has no bearing on Plaintiff's pending motion for conditional certification.

**First**, reports and recommendations are not binding, final orders. *See, e.g., Falvey Cargo Underwriting Ltd. v. Zim Integrated Shipping Servs. Ltd.*, 2024 WL 553962, at *1 (S.D.N.Y. Jan. 10, 2024) ("a Report and Recommendation is not a final order and is non-binding"). Accordingly, even if *Wilhoit et al.* had any relevance to Plaintiff's pending motion (which, as explained below, it does not), it cannot be "potentially helpful authority," *see Carroll v. BMW of N. Am., LLC*, 553 F. Supp. 3d 588, 605 (S.D. Ind. 2021) because it has not been adopted by a district court Judge. Indeed, Defendants may as well be citing to an opinion piece in a newspaper. *See, e.g.,* Ex. A to Defs.' NOSA at 7 ("I recommend that the court . . . "). Defendants' notice is, at best, premature.

**Second**, *Wilhoit* is easily distinguished on its facts. In *Wilhoit¸* plaintiffs allege in a sprawling,

nearly 100-page complaint, that Defendant AstraZeneca Pharmaceuticals, LP ("AstraZeneca"), adopted a mandatory vaccination policy in early 2022 that it knew would disproportionately impact older, religious employees. *Id*. at 3–4. In April 2022, AstraZeneca fired approximately 200 unvaccinated employees. *Id.* Plaintiffs' complaint alleges collective causes of action relating to age discrimination and religious discrimination. *Id.* Here, Plaintiff Monica Richards' allegations focus specifically on Eli Lilly's policy and practice of age discrimination, specifically in promotions. Plaintiff Richards does not point to any confounding events that might have motivated Eli Lilly to promote younger, less qualified employees over more qualified employees over age 40.

**Third**, plaintiffs in *Wilhoit* sought to conditionally certify a broad and wide-ranging collective action of:

> (1) all individuals that were employed or sought to be employed by AstraZeneca in its salesforce anytime between December 1, 2020 through the resolution of this action; and (2) who suffered adverse employment action – to include termination, were laid off, or applied for an open position and were rejected – while age 40 or older during the above stated period.

Ex. A to Defs.' NOSA at 22. The Magistrate Juge concluded that plaintiffs did not point to a cohesive link between plaintiffs' roles, locations, and the circumstances surrounding their termination or adverse employment action because the proposed collective encompasses employees who were terminated for cause or poor performance and those terminated for not complying with the vaccination mandate. *Id.* at 23. Again, Plaintiff Richards' case is easily distinguished, as she focuses narrowly on Eli Lilly's age discrimination in *promotions*, not on any and all potentially discriminatory adverse employment actions. ECF No. 42 at 20. Furthermore, as Plaintiff noted in her reply brief in support of her motion to certify the collective, this Court could approve narrower notice to individuals who worked in Eli Lilly's sales and marketing divisions. ECF No. 49 at 19.

Dated: March 1, 2024

        Respectfully submitted,

        MONICA RICHARDS

        /s/ Harold L. Lichten
        Harold L. Lichten (*pro hac vice*)
        Thomas Fowler (*pro hac vice*)
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, MA 02116
        (617) 994-5800
        hlichten@llrlaw.com
        tfowler@llrlaw.com

        Jeffrey A. Macey
        MACEY SWANSON LLP
        429 N. Pennsylvania Street, Suite 204
        Indianapolis, IN 46204
        (317) 637-2345
        jmacey@MaceyLaw.com

        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

    I, Harold L. Lichten, hereby certify that on March 1, 2024 the foregoing document was served on all counsel of record for Defendants via electronic mail.

Date: March 1, 2024        /s/ Harold L. Lichten
                                              Harold L. Lichten