UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA RICHARDS individually and on behalf of all other similarly situated individuals,<br><br>                     Plaintiff,<br><br>              v.<br><br>ELI LILLY & COMPANY,<br>LILLY USA, LLC,<br><br>                     Defendants. | Case No. 1:23-cv-00242-TWP-MKK |

**ENTRY ON DEFENDANTS' MOTION TO CERTIFY AN IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b) AND EMERGENCY MOTION FOR A STAY**

This matter is before the Court on Defendants Eli Lilly & Company and Lilly USA, LLC's (collectively "Eli Lilly" or "Defendants") Motion to Certify an Immediate Appeal under 28 U.S.C. § 1292(b) and Emergency Motion for a Stay (Filing No. 88). In this lawsuit, Plaintiff Monica Richards ("Richards") alleges Eli Lilly knowingly and willfully denied promotions to qualified employees who were older than forty, including herself and all other similarly situated employees, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Massachusetts Anti-Discrimination Law, G.L. c. 151B § 4(1B) (Filing No. 1). After the Court granted conditional collective certification under 29 U.S.C. § 216(b) (Filing No. 82), Eli Lilly filed the present motion, asking the Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, Eli Lilly's motion is **granted**.

## I.  BACKGROUND

Richards, a fifty-three-old woman who has worked for Eli Lilly since August 1, 2016, alleges that,

> [s]ince at least 2017, Eli Lilly has been engaged in a companywide effort to shift its personnel focus to Millennials at the detriment of older employees, openly

> espousing an aggressive strategy of hiring and retaining Millennial employees. As a part of its effort to retain Millennial workers, Eli Lilly has created resource groups for younger employees who it calls "Early Career Professionals" and has systematically favored younger employees by giving them promotions to the exclusion of older employees who are equally or better qualified.

(Filing No. 1, ¶ 10). In her motion for conditional certification, Richards sought collective action status under the ADEA for the following class: "All Eli Lilly employees who were 40 or older when they were denied promotions for which they were qualified, since February 12, 2022." (Filing No. 41). Eli Lilly opposed Richards' motion, arguing that she neither demonstrated she was 'similarly situated' to other members of the proposed collective, nor identified a common policy or plan that impacted such employees (see Filing No. 45 at 12–19).

On March 25, 2024, the Court conditionally certified Richards' proposal for collective action as requested (Filing No. 82 at 2). The Court authorized notice to all former and current Lilly employees who were "forty (40) years of age or older and were denied a promotion for which [they] were qualified on or after February 12, 2022 . . . ." *Id.* at 15. In doing so, the Court utilized the two-stage certification process that most federal courts apply in FLSA collective actions, pursuant to *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), in contravention of Eli Lilly's urging to instead apply a one-step process that the Fifth Circuit more recently outlined in *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. 2021), or that crafted by the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) (requiring a "strong-likelihood" of similarly situated members before issuing notice).

The Court explained that "many courts in this Circuit have traditionally applied an *ad hoc* two-step certification process" in which the first step is requires "a modest factual showing" and is merely preliminary (Filing No. 82 at 3, 4 (quoting *Duan v. MX Pan Inc.*, No. 1:22-cv-02333, 2023 WL 5955911, at *1 (S.D. Ind. Aug. 21, 2023))).

At the more stringent second step following discovery, the court reevaluates the conditional certification after employees have opted in to "determine[] whether there is sufficient similarity between the named and opt-in plaintiffs." *Id.* at 4 (quoting *Duan*, 2023 WL 5955911, at *1). A defendant can thus move to decertify or restrict the class because various putative class members are not 'similarly situated'. *See Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 439 (S.D. Ind. 2012). In ruling on such a motion, courts typically consider the following factors: "(1) whether plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Id.* (quoting *Threatt v. CRF First Choice, Inc.*, No. 1:05cv117, 2006 WL 2054372, at *5 (N.D. Ind. 2006)).

This two-step process stands in opposition to the *Swales* Court's view that "a district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.'" 985 F.3d at 434. "Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." *Id.*

Seventeen days after the conditional certification order, Eli Lilly asked the Court to certify an interlocutory appeal, which would allow it to petition the Seventh Circuit for review of the following question:

> Whether notice in a collective action can issue based on a modest factual showing of similarity, rather than upon a showing by a preponderance of the evidence that requires the Court to find that commonality across the collective is more likely than not.

([Filing No. 88 at 11](#)). Eli Lilly further requested, on an emergency basis, that the Court stay the then-approaching deadline for providing contact information of Richards' proposed collective and the issuance of notice to those individuals. *Id.* Recognizing that the deadline for providing contact

information was fast approaching, the Court granted the emergency motion and stayed the deadline to give the parties time to fully brief the Motion to Certify and the Court an opportunity to issue its ruling on Defendants request for interlocutory appeal. The motion is now fully briefed and ripe for ruling.

## II. DISCUSSION

Federal appellate jurisdiction is generally limited to review of only the "final decisions of the district courts." 28 U.S.C. § 1291. Waiting for a final judgment "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Microsoft Corp. v. Baker*, 582 U.S. 23, 36-37 (2017) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

However, 28 U.S.C. § 1292(b) allows for an interlocutory appeal when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of litigation." *Richardson Elecs, Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). Thus, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation."[1] *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless *all* these criteria are

---

[1] Courts have also upheld a nonstatutory requirement that "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The Court does not take issue with the time taken by Eli Lilly in submitting its motion. Though not immediate, the filing of the petition occurred less than three weeks from the March 25, 2024 conditional certification order. Given the breadth of the collective that was conditionally certified and the data collection at hand — which the Court assumes is underway — the Court finds the period reasonable under the circumstances.

4

satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original).

Here, all four criteria are met.

### A. **Question of Law?**

For purposes of § 1292(b), the term "question of law" generally refers to a

> 'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

*Ahrenholz*, 219 F.3d at 676–77.

The Court disagrees with Richards' concern, to the extent one exists, that a district court's choice, in the face of the "wide discretion" afforded it, cannot serve as a basis for interlocutory appeal or present a "pure question of law" (Filing No. 92 at 12 (quoting *Iannotti v. Wood Grp. Mustang*, 603 F. Supp. 3d 649, 653 (S.D. Ill. 2022), 14). Richards is correct that district courts are entrusted with such discretion in managing collective action (*see In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *1 (7th Cir. Sept. 1, 2021)). And, as Richards argues, challenges to the adequacy of a plaintiff's evidentiary showing or questions that seek review of the application of facts to the standards are widely rejected in this Circuit on the grounds that they are not pure questions of law (*see* Filing No. 92 at 14–15 (quoting among others *Piazza v. New Albertsons, Inc.*, No. 20-cv-03187, 2021 WL 3645526, at *3 (N.D. Ill. Aug. 16, 2021)).

The Court is assured here, however, that Eli Lilly speaks instead about the 'similarly situated' standard itself, bypassing altogether the issue of how the Court manages the collective action *in arriving to* the 'similarly situated' standard, including, for those courts who follow the so-called two-step *Lusardi* approach, *see* 118 F.R.D. 351 (D.N.J. 1987), the facilitation and issuance of 'conditional certification' notice. The question Eli Lilly seeks to present for resolution by the

5

Seventh Circuit is focused on "a plaintiff's *burden of proof* for establishing that the proposed collective is similarly situated before notice may issue" (Filing No. 94 at 8) (emphasis in original).

As such, the determination of whether *Lusardi* or *Swales* (or even *Clark*) should control whether a court certifies a collective presents a purely legal question that would not require wading into the record for the answer. Eli Lilly simply seeks clarity on the proper legal standard for collective certification, not whether the Court appropriately applied the facts to a particular standard. The Seventh Circuit should be given the opportunity to clarify the standard, should it so choose. After all, both *Swales* and *Clark* were decisions from interlocutory appeals.

### B. Controlling?

A question of law is "controlling" for purposes of § 1292(b) if its "resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 04 CV 2714, MDL No. 1604, 2006 WL 1371458 at *2 (N.D. Ill. May 16, 2006) (citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996)). Furthermore, "the resolution of an issue need not necessarily terminate an action in order to be 'controlling'." *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111, 2020 WL 4261814, at *5 (S.D. Ind. July 24, 2020) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). "'Controlling' is to be interpreted and applied with flexibility, such that a question is 'controlling' if it is 'serious to the conduct of the litigation, either practically or legally.'" *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 212 F. Supp. 2d 903, 911 (S.D. Ind. 2002) (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)).

Even if the interlocutory question has the possibility of not terminating the litigation as a legal matter, application of a standard more rigorous than the one previously applied by this Court would certainly affect as a practical matter the scope of the notice and the size of the collective. *See, e.g.*, *Swales v. KLLM Transp. Servs., LLC*, 410 F. Supp. 3d 786, 794 (S.D. Miss. 2019)

("[A]pplying a different test for conditional certification — or for the ultimate decision whether to certify — could materially impact the trial of this matter; the case will either be a collective action or involve individual claims."), *vacated and remanded sub nom. Swales*, 985 F.3d 430. This would in turn increase settlement leverage, *see Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)), that could then "exert 'formidable settlement pressure'" on a defendant. *Thomas v. Maximus, Inc.*, No. 3:21cv498, 2022 WL 1482008, at *4 (E.D. Va. May 10, 2022) (quoting *Holder v. A&L Home Care and Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021), *vacated and remanded sub nom. Clark*, 68 F.4th 1003). The offramp of later decertification is certainly possible. But it would occur after inviting the conditional class to grow. Thus, at this stage, resolution of the interlocutory question on appeal is "likely to affect the further course of the litigation," *Sokaogon*, 86 F.3d at 659, notwithstanding the certification's conditionality.

C. **Contestable Question of law?**

The "contestable" criterion turns on whether "substantial grounds for a difference of opinion" on the issue exist. *Ormond v. Anthem, Inc.*, No. 1:05-cv-1908, 2011 WL 3881042, at *3 (S.D. Ind. Sept. 2, 2011) (quoting *Sandifer v. U.S. Steel Corp.*, 2010 WL 61971, at *4 (N.D. Ind. Jan.5, 2010)). The mere presence of a disputed issue that is a question of first impression for the Seventh Circuit, by itself, is insufficient to demonstrate a substantial ground for difference of opinion. *See Manitowoc Cranes LLC v. Sany Am. Inc.*, No. 13-C-677, 15-C-647, 2018 WL 582334, at *2 (E.D. Wis. Jan. 29, 2018). Rather, it is the duty of the district court to analyze "'the strength of the arguments in opposition to the challenged ruling,' which process includes 'examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification.'" *Whipkey v. Eli Lilly and Co.*, No. 1:20-cv-00450, 2021 WL 11963021,

at *2 (S.D. Ind. Mar. 16, 2021) (quoting *United States v. Select Med. Corp.*, No. 3:12-cv-00051, 2017 WL 468276, at *3 (S.D. Ind. Feb. 3, 2017)).

The question of the correct standard to apply when issuing notice to a proposed FLSA collective has generated sufficient controversy to justify certification. Indeed, the Fifth and Sixth Circuits took up the issue of collective certification on interlocutory appeals, and the pair of opinions demonstrates the substantial and ripe ground for difference of opinion percolating in those circuits alone. *Compare Swales*, 985 F.3d at 442–43 (prescribing district courts consider all available evidence in the "rigorous[] enforce[ment]" of the 'similarly situated' mandate), *with Clark*, 68 F.4th at 1010–11 (6th Cir. 2023) (declining to require a "conclusive finding of 'similar situations'" and remanding for the district court to redetermine certification under a "strong-likelihood standard") (quoting *Sperling v. Hoffmann-La Roche*, 118 F.R.D. 392, 406 (D.N.J. 1988)).

Equally important, the Seventh Circuit has yet to address this specific question, and there are decisions within this circuit that lend support to both parties' positions about the proper level of scrutiny to be applied before issuing notice. *Compare Fillipo v. Anthem Companies, Inc.*, 2022 WL 18024818, at *2 (S.D. Ind. Dec. 30, 2022) (citing in part *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013)) ("To determine whether the proposed collective is 'similarly situated,' the Court may apply the law of Rule 23 class certification."), *with Piazza v. New Albertsons, LP*, No. 20-cv-03187, 2021 WL 365771 (N.D. Ill. Feb. 3, 2021) (quoting *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855–56 (N.D. Ill. 2013) ("Conditional certification is not the time to 'weigh evidence, determine credibility, or specifically consider opposing evidence presented by a Defendant' . . . ."). At least one court in this Circuit has "inkled the use of a preponderance standard" and

8

> bemoaned the 'modest' and 'modest plus' concepts — as they are unmoored from the statute, unhinged from any recognized or defined standard for assessing evidence, foreign from what federal courts seem to be really doing, and ostensibly divorced from the goals of enforcement and efficiency that must be promoted ever mindful of the parallel risks to neutrality and case leverage in FLSA conditional certification cases.

*Fitzgerald v. Forest River Mfg. LLC*, 2022 WL 558336, at *4 (N.D. Ind. Feb. 23, 2022).

In short, "[j]ust because the 'FLSA certification two-step remains the dance of this circuit' does not answer the question what scrutiny should apply . . . at conditional certification [] and how the court should precisely define that scrutiny," *id.*, nor does it nullify the difference of opinion starting to appear in this and other circuits in recognition that the FLSA's text does not require a certain standard of similarity in collective certification. *See Smith v. United States*, 163 Fed. Cl. 155, 165 (Fed. Cl. 2022) ("Other than the 'similarly situated' requirement, the FLSA does not define a mechanism or any other conditions for certification — nor does it define 'similarly situated.'"); *see, e.g.*, *Mathews v. USA Today Sports Media Grp., LLC*, 2023 WL 3676795, at *3 (E.D. Va. Apr. 14, 2023) (rejecting the *Lusardi* framework in favor of the *Swales* approach and holding that the FLSA's text permits limited discovery "targeted only at the factual and legal considerations needed to make the 'similarly situated' determination," which courts "must determine, at the outset").

Weighing Eli Lilly's arguments in opposition to this Court's grant of conditional certification, and in light of the well-reasoned decisions in *Swales* and *Clark* and the burgeoning adoption in several circuits of positions conflicting with the "modest" showing customarily utilized in the *ad hoc* approach, the Court finds that a substantial ground for difference of opinion exists.

**D. Materially Advance Termination of Litigation?**

Once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, "all that section 1292(b) requires as a

9

precondition to an interlocutory appeal . . . is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original).  "[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Id.* (citations omitted).  "What is required, however, is that an immediate appeal will expedite rather than protract the resolution of the case." *Consumer Fin. Prot. Bureau v. TransUnion*, 674 F. Supp. 3d 467, 471 (N.D. Ill. 2023) (quoting *U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp.*, 195 F. Supp. 3d 996, 1008 (N.D. Ill. 2016)).

      Richards argues that interlocutory appeal would only incur delay in the matter.  She maintains that such an appeal would "serve to prolong the inevitable" (Filing No. 92 at 18) since, by her reasoning, the issuance of notice would still be warranted even were Eli Lilly's sought-after standard adopted. *See id.* at 18–19. Eli Lilly clarifies it seeks only a limited stay of the issuance of notice (*see* Filing No. 94 at 12).  It further argues that continuing discovery while the appeal is resolved strikes an appropriate balance between allowing Richards' claims to proceed and potential clarification of an issue which may avoid protracted and expensive litigation.  Eli Lilly asserts that discovery is more complex in this case, and that discovery will take longer than ten months[2] — a span of time which Richards points to and which constitutes, as of September 2023, the median time for a civil appeal in this Circuit to reach a last opinion or final order (*see* Filing No. 92 at 18;

---

[2] The Court recognizes that the parties initially agreed to a period of less than ten months for liability and non-expert discovery (*see* Filing No. 31).  Since then, however, the parties have sought and the Court has granted several discovery deadline extensions (*see* Filing No. 57; Filing No. 59; Filing No. 71; Filing No. 84), and the Court has had to referee an extensive discovery dispute arising out of Richards' individual claims (*see* Filing No. 95).

10

Table B-4A, U.S. Courts of Appeals – Median Time Intervals, During the 12-Month Period Ending September 30, 2022, *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2023.pdf).

As a practical matter, an immediate appeal will — or, at the very least, *may* — materially advance the ultimate resolution of this litigation by resolving uncertainty about the proper scope of the collective as it proceeds, first to the opt-in period, then to the conclusion of discovery, and finally to summary judgment.

On one end of the spectrum, a mere affirmance of the Court's order would simply postpone notice and the discovery that follows, which would proceed without a stay in place. At the other end of possibilities, however, awaits the following prospect. Were the reviewing court to hold that the issuance of notice requires a showing by a preponderance of the evidence that similarity across the proposed collective is more likely than not, then the preclusive effect of such a determination, once made, would potentially result in a smaller, but nevertheless final collective being certified at an earlier stage than would be the case otherwise.

Inevitably, such a determination would "materially impact the trial of this matter". *Swales*, 410 F. Supp. 3d at 794. The Court makes the preceding observations about the potential effect or impact, however, without opining on the putative collective as presently conceived, or as to the appropriateness of its scope or size as conditionally granted. The Court is merely pointing out the obvious: clarifying the proper scope of the collective, sooner rather than later, would ultimately serve to expedite, not protract, the eventual resolution in this case.

The Court agrees with the balanced approach presented in granting a limited stay only as it pertains to the issuance of notice but allowing unrelated discovery to continue pending the resolution of the appeal. Permitting all other discovery to continue in the meantime facilitates the

efficient, accurate resolution of this matter, furthers the best interests of the Court and parties, and ensures that the case progresses down the path to the five-day jury trial set to begin in February 2025. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### III. CONCLUSION

The Court stands by its decision that Richards has met her step one burden to certify her ADEA claims as a conditional collective action under the FLSA. (Filing No. 82). Nonetheless, Eli Lilly has demonstrated that the Court's March 25, 2024 conditional certification order involves a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of litigation. Thus, the Motion to Certify an Immediate Appeal under 28 U.S.C. § 1292(b) and Emergency Motion for a Stay (Filing No. 88) is **GRANTED**.

> The Court now **CERTIFIES** the following question for interlocutory appeal:
>
> Whether notice in a collective action can issue based on a modest factual showing of similarity, rather than upon a showing by a preponderance of the evidence that requires the Court to find that commonality across the collective is more likely than not.

*Id*. at 11. The Court **ORDERS** the statute of limitations for members of the conditionally certified collective defined in its March 25, 2024 order, Filing No. 82, to be tolled pending notification of a decision from the Seventh Circuit Court of Appeals.

Additionally, the Court **STAYS** the issuance of notice to members of the putative collective and the deadline imposed on Eli Lilly to provide members' contact information, which it had previously stayed on an interim basis in contemplation of issuing this ruling (*see* Filing No. 89).

Today's limited stay is meant to preserve the status quo only as it relates to the issuance of notice, and the parties are advised that all other discovery is to proceed as it normally would.

The parties are to confer and submit to the Magistrate Judge a joint proposed scheduling order in line with the requirements set forth in the conclusion of the Court's April 23, 2024 Order on Richards' Motion to Compel Discovery (Filing No. 95) **within ten (10) days** of the date of Order.

**SO ORDERED**.

Date: 5/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jane Farrell
Lichten & Liss-Riordan PC
jfarrell@llrlaw.com

Thomas Fowler
Lichten & Liss-Riordan, P.C.
tfowler@llrlaw.com

Katherine Funderburg
Jenner & Block LLP
kfunderburg@jenner.com

Harold Lichten
Lichten & Liss-Riordan
hlichten@llrlaw.com

Jeffrey A. Macey
Macey Swanson LLP
jmacey@maceylaw.com

Matthew Patton
Law Office of Nicholas F. Ortiz P.C.
mdp@mass-legal.com

Joseph Torres
Jenner & Block LLP
jtorres@jenner.com

Jacob Wentzel
Jenner & Block LLP
jwentzel@jenner.com

Joanna Wright
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036